UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TONYA J.,[1]

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 1:21-cv-00757

Bowman, M.J.

**MEMORANDUM OPINION AND ORDER**

Plaintiff Tonya J. filed this Social Security appeal in order to challenge the Defendant's finding that she is not disabled. *See* 42 U.S.C. § 405(g). Proceeding through counsel, Plaintiff presents two claims of error for this Court's review. The Commissioner's finding of non-disability will be AFFIRMED because it is supported by substantial evidence in the record as a whole.[2]

**I. Summary of Administrative Record**

On March 31, 2015, Plaintiff filed an application for Disability Insurance Benefits ("DIB"), alleging she became disabled on February 1, 2014, based upon a combination fibromyalgia, diabetes, arthritis, high blood pressure, anxiety, depression, and restless leg syndrome. (Tr.106,107,327). After her claim was denied initially and upon reconsideration, Plaintiff requested an evidentiary hearing before an Administrative Law

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials. *See* General Order 22-01.
[2] The parties have consented to the jurisdiction of the undersigned magistrate judge. *See* 28 U.S.C. §636(c).

Judge ("ALJ").  At a hearing held on November 8, 2017, Plaintiff appeared with counsel and gave testimony before ALJ Aubri Masterson; a vocational expert ("VE") also testified. Plaintiff requested review of the hearing due to a challenge under the Appointment Clause of the Constitution, to the manner in which the ALJ was appointed. (Tr. 172). The Appeals Council remanded to ALJ Shreese M. Wilson, who held a hearing on June 9, 2020. On September 8, 2019, the ALJ issued an unfavorable written decision, concluding that Plaintiff was not disabled.  (Tr. 20-44).  Plaintiff then filed this judicial appeal.

Plaintiff was 40 years old on the original alleged disability onset date. (Tr. 374). She received her general equivalency diploma ("GED") and reported past work as a customer service representative and a loader. (Tr. 379).

The ALJ determined that Plaintiff has severe impairments of "degenerative disc disease of the cervical spine; osteoarthritis; obesity; fibromyalgia; status post cubital tunnel release; hypertension; diabetes mellitus; restless leg syndrome; depression; and anxiety." (Tr. 18).  Although Plaintiff argued at the hearing that her impairments were of listing level severity, the ALJ found that none of the impairments, alone or in combination, met or medically equaled any Listing in 20 C.F.R. Part 404, Subpart P, Appx. 1, such that Plaintiff would be entitled to a presumption of disability.  (*Id*.)

The ALJ determined that Plaintiff could perform light work, subject to the following limitations:

> She can only occasionally stoop, kneel, and crouch, and she can never climb ladders, ropes or scaffolds. She can frequently balance. She is limited to frequent use of hand controls wither her non-dominant left upper extremity. She is limited to no overhead reaching with her left upper extremity. She can frequently handle, finger, and feel with her left upper extremity. She must avoid concentrated exposure to temperature extremes, vibrations, and hazards, including unprotected heights, commercial driving, and dangerous machinery. She is limited to simple routine work with no hourly production quotas. She is limited to frequent interaction with

    coworkers, supervisors, and the general public. She is limited to a static work environment.

(Tr. 20-21).

Based upon her RFC and testimony from the vocational expert, the ALJ concluded that Plaintiff could not perform her prior work but still could perform other jobs that exist in significant numbers in the national economy, such as cleaner/housekeeper. (Tr. 29). Therefore, the ALJ determined that Plaintiff was not under a disability. (Tr. 31).

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff argues that the ALJ erred by: (1) improperly weighing the opinion of Dr. Nutter; and (2) improperly evaluating Plaintiff's manipulative limitations. The Court finds no reversible error.

## II. Analysis

### A. Judicial Standard of Review

To be eligible for benefits, a claimant must be under a "disability." *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation

3

omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.... The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Com'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, she suffered an

impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job. 42 U.S.C. § 423(d)(1)(A).

   **B. The ALJ's Decision is Substantially Supported**

   *1. Dr. Nutter*

   Plaintiff argues first that the ALJ's RFC determination is not supported by substantial evidence and is the product of legal error where she failed to properly weigh the opinion of Stephen Nutter, M.D.

   On December 8, 2015, Stephen Nutter, M.D., completed a physical consultative examination of Plaintiff. (Tr. 679). He documented Plaintiff's complaints of joint pain, along with is findings of pain and tenderness in her shoulders, knees, and hips and tenderness in her right hand. Dr. Nutter further documented Plaintiff's complaints of back and neck pain. He noted that she exhibited pain, tenderness, and decreased range of motion of the cervical and lumbar spine with tenderness to the thoracic spine. However, her straight leg raise was negative bilaterally, and sensory testing was intact. Dr. Nutter found no evidence of radiculopathy and imaging of her lumbar spine show no more than mild findings. Dr. Nutter opined that Plaintiff's ability to perform work-related activities such as bending, stooping, lifting, walking, crawling, squatting, carrying and traveling as well as pushing and pulling heavy objects was at least moderately impaired due to back pain, neck and joint pain. (Tr. 684).

   The ALJ determined that Dr. Nutter's opinion "appears to be supported by his examination of Plaintiff, it is vague as to actual levels of functional ability or limitation." (Tr. 28). As such, the ALJ afforded "no weight" to Dr. Nutter's opinion, and "instead considers the objective results of his examination." (Tr. 28). Plaintiff argues that the ALJ's decision in this regard is not substantially supported because she failed to adequately

5

explain how much weight she assigned to Dr. Nutter's opinion as required by Agency Regulations. Plaintiff's contention lack merit.

The RFC is the most Plaintiff can still do despite the physical and mental limitations resulting from her impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a); *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 155-56 (6th Cir. 2009) (citing the regulations). It is a determination based on all of the relevant medical and other evidence and is ultimately an administrative determination reserved to the Commissioner. See 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3); Social Security Ruling (SSR) 96-8p, 1996 WL 374184 (July 2, 1996). Plaintiff has the burden to provide evidence to establish her RFC. See 20 C.F.R. § 404.1545(a)(3); SSR 96-8p.

The new regulations for evaluating medical opinions are applicable to this case because Plaintiff's claim was filed after March 27, 2017. (Tr. 161). See 20 C.F.R. § 404.1520c. The new regulation at 20 C.F.R. § 404.1520c differs from the previous regulation at 20 C.F.R. § 404.1527. The agency no longer has a "treating source rule" deferring to treating source opinions. 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017) (technical errors corrected by 82 Fed. Reg. 15,132 (Mar. 27, 2017)). Under the new regulations, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 404.1520c(a). Further, while the ALJ must articulate consideration of all medical opinions, the new regulations no longer mandate the "controlling weight" analysis or the "good reasons" standard in weighing a treating source opinion. Compare 20 C.F.R. § 404.1527(c)(2) with 20 C.F.R. § 404.1520c(a), (b). The ALJ is only required to explain how he or she considered the supportability and consistency factors, 20 C.F.R. § 404.1520c(c)(1)-(2), which are the two

6

most important factors in determining the persuasiveness of a medical source's opinion or a prior administrative medical finding. 20 C.F.R. § 404.1520c(b)(2). The ALJ may, but is not required to, explain how he or she considered the other remaining factors in paragraphs (c)(3) through (c)(5) when articulating how he or she considered medical opinions. See 20 C.F.R. § 404.1520c(b)(2)-(3). Further, in evaluating the statements from the state agency reviewing sources, an ALJ will also consider the evidence in accordance with the new regulations. See 20 C.F.R. §§ 404.1513a(b)(1)(2017), 404.1520c.

Here, the undersigned finds that the ALJ adequately evaluated the opinion evidence in accordance with Agency Regulations and controlling law. As such, the undersigned agrees with the Commissioner that the ALJ's reasoning was clear enough to survive this Court's deferential review. Notably "[a[] reviewing court must uphold even a decision of less than ideal clarity if the agency's path may reasonably be discerned." *Garland v. Dai*, 141 S. Ct. 1669, 1679 (2021). Dr. Nutter concluded only that Plaintiff's abilities are "moderately" impaired." (Tr. 684). Dr. Nutter did not include any specific functional limitations. As such, the ALJ explained that while Dr. Nutter's opinion "appears" to be supported by his inclusion of examination findings, "it is vague as to the actual levels of functional ability or limitations" (Tr. 28). *Daniel H. v. Comm'r of Soc. Sec. Admin.*, No. 3:20-CV-393, 2022 WL 883771, at *4 (S.D. Ohio Mar. 25, 2022); citing *Quisenberry v. Comm'r of Soc. Sec.,* 757 F. App'x 422, 434 (6th Cir. 2018) (An ALJ may properly reject a vague opinion that does not provide any specific functional limitations.). See also *MISTY K., Plaintiff, v. COMMISSIONER OF SOCIAL SECURITY.*, No. 2:21-CV-548, 2022 WL 4376229, at *6 (S.D. Ohio Sept. 22, 2022) (As for supportability, the ALJ is correct in describing Dr. Cooperrider's opinion as vague. Dr. Cooperrider merely asserts that that Plaintiff is legally blind and unable to perform most work activities ….).

7

In formulating Plaintiff's physical RFC, the ALJ assigned significant weight to the findings of Dr. Cruz, the state agency physician, who reviewed Plaintiff's medical file in January 2016. Dr. Cruz considered the entire medical record, including the findings of Dr. Nutter. Dr. Cruz found that Plaintiff's physical impairments resulted in specific limitations consistent with light work. In making this determination, Dr. Cruz indicated that he assigned great weight to the findings of Dr. Nutter. Plaintiff does not contend or provide any evidence that she could not perform a range of light work. More importantly, Dr. Nutter's findings do not indicate that Plaintiff has greater limitations than the limitations found by Dr. Cruz or the ALJ.

Thus, the undersigned agrees that the ALJ reasonably deferred to the more recent state agency determination by Dr. Cruz because it included a specific limitation to a range of light work, and because Dr. Cruz reviewed the medical evidence, including interpreting Dr. Nutter's opinion and objective examination findings. (Tr. 27). For these reasons, the undersigned finds that the ALJ's evaluation of the opinion evidence is substantially supported and should not be disturbed.

2. *Manipulative Limitations*

Plaintiff's second assignment of error asserts that the ALJ improperly evaluated Plaintiff's manipulative limitations. Plaintiff's contention is unavailing.

Here, the ALJ found that Plaintiff had the following manipulative limitations: [she is] limited to frequent use of hand controls with her non-dominant left upper extremity. She is limited to no overhead reaching with her left upper extremity. She can frequently handle, finger, and feel with her left upper extremity. (Tr. 20-21).

In making these findings, Plaintiff argues that the ALJ was not allowed to formulate the residual functional capacity because she is not a doctor, and that by including

8

manipulative limitations based on recent medical evidence not reviewed by physicians giving opinions, the ALJ was "playing doctor." (Doc. 13 at 14). In this regard, Plaintiff asserts that the ALJ reject the opinion of Dr. Nutter and was left with no medical opinion to determine the extent of Plaintiff's limitations. However, as noted by the Commissioner, "[t]he Social Security Act instructs that the ALJ – not a physician – ultimately determines a claimant's RFC." *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010) (citing 42 U.S.C. § 423(d)(5)(B)). Here, the ALJ reasonably added manipulative limitations to the residual functional capacity, which were linked to the recent medical evidence. (Tr. 26-27, 20-21).

Plaintiff further contends that the ALJ did not properly develop the record because there was no physician opinion evidence regarding manipulative limitations related to Plaintiff's cubital tunnel syndrome. (Doc. 13 at 15). In doing so, Plaintiff argues that the ALJ should have "recontacted" a treating physician, but Plaintiff carries the burden of proof, and she failed to provide any treating opinion evidence supporting manipulative limitations despite being represented by counsel. (Tr. 15).

However, as correctly noted by the Commissioner, the ALJ only needs to recontact a treating physician if the evidence of record is insufficient to determine whether a claimant is disabled. 20 C.F.R. § 404.1512(e). Plaintiff, represented by counsel, never requested additional examinations. (Tr. 65- 72). Plaintiff never asked the vocational expert whether greater manipulative limitations would have any bearing on the outcome of the residual functional capacity. (Tr. 69- 72). In Plaintiff's opening statement of disability, her counsel argued that she was disabled due to her depression and anxiety, and back problems – not because of any limitations related to the use of her left arm. (Tr. 45).

9

As such, the ALJ properly determined that Plaintiff did not meet her burden of proving that she is incapable of performing a range of light work with additional postural, manipulative, environmental, and social limitations. (Tr. 27). *See Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 652 (6th Cir. 2009). Ultimately, the ALJ had no duty to further develop the record because Dr. Cruz's opinion and the medical evidence record were sufficient for her to determine disability.

In sum, the record provides substantial evidence to support the ALJ's assessment of Plaintiff's RFC, and Plaintiff failed to prove that she had additional limitations. The Commissioner's findings must stand if substantial evidence supports them, regardless of whether the reviewing court would resolve conflicts in the evidence differently. *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a 'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). *See also Hickey-Haynes v. Barnhart*, 116 F. App'x 718, 726 (6th Cir. 2004) (stating "substantial evidence is a fairly low bar").

The ALJ's findings in this case were well within the zone of reasonable choices. *See* Ulman v. Comm'r of Soc. Sec., 693 F.3d 709, 713-14 (6th Cir. 2012) ("As long as the ALJ cite[s] substantial, legitimate evidence to support his factual conclusions, we are not to second-guess."); *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) ("As long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion."). Substantial evidence supports the ALJ's findings and her conclusion that Plaintiff was not disabled within the meaning of the Social Security Act.

### III.  Conclusion and Order

For the reasons stated, the ALJ's assessment of the evidence and formulation of Plaintiff's RFC in this case are substantially supported.  Accordingly, **IT IS ORDERED THAT** the decision of the Commissioner to deny Plaintiff DIB benefits be **AFFIRMED** because it is supported by substantial evidence in the record as a whole and that this case be terminated from the active docket of this court.

<u>s/Stephanie K. Bowman</u><br>
Stephanie K. Bowman<br>
United States Magistrate Judge